Our case for argument is United States v. Woods. Mr. Hillis. May it please the court. Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Leslie Woods on this appeal. The government has an obligation under due process to strictly fulfill any express and implied promises in a plea agreement used to obtain a guilty plea, such as it did for Mr. Woods. The problem here is that at sentencing, the government started to make good on its promise to honor it, to argue for the low end of the judicially determined guideline range, which would be 276 months, but then deviated from that required path and started to argue for a sentence that, quote, was as long as possible. That's a significant problem here when the counts of conviction include a 924C conviction, which has a sentence statutorily authorized up to life imprisonment. So as long as possible no longer means 276 months or anything within the guideline range. It means up to life, and that is a breach of the plea agreement. There's an additional problem when the government then proceeds to present aggravating evidence. And in doing so, the government demonstrates a commitment to a particular sentence, life imprisonment, and then proceeds to augment its request, the presentation of evidence, in an effort to obtain the requested sentence. And this is the video evidence. This is the victim's statement. These are the horrific facts that are recounted by the government. And the government says that it did all of this in an effort to prevent the district court judge from giving a sentence different than 276 months. But I find that there are problems with making that assertion. Because we had a procedural mechanism to lock the judge in, give the guy a Rule 11C1C plea agreement, if you wish, to cabin the judge's sentencing discretion. That didn't happen here, and it could have. Also, to hang its hat as it does on 3661, saying that the judge can consider all sentencing factors, that doesn't say that the prosecution is at liberty to volunteer oodles of information in an effort to obtain a life sentence. The judge can look at information. It does not obligate the government to present it. That's what happened here. So that reliance on 3661, I don't think is persuasive. Similarly, 3553A factors. Yes, the judge has to consider them. There's nothing required by the government to present all of the aggravating evidence and none of the mitigating evidence in support of the requested life sentence. So for all of these reasons, we think that the government breached the plea agreement, which would then take us to standard of review issues under plain air. But we've cited authority that says that we should prevail by virtue of the breach. And we rely on the Navarro case, Diaz-Jimenez, and other cases where the breach is plain, the air is therefore plain. Then we come into, would the sentence be different? So says the government. But that's not what happens at this stage. For the third air, or the third factor in plain air analysis. How is the breach plain? I beg your pardon, Your Honor? How is the breach plain? And that's really two questions. Okay. First is, it looks to me like the district judge computed a guideline range of 512 to 535 months. The government didn't recommend anywhere near that. Didn't it? It said as long as possible. And the second problem is that the plea agreement doesn't require the government to be silent. Some plea agreements say you're going to recommend X years or X months and then say nothing. But this agreement doesn't. To justify even 276 months, the prosecutor has to show bad acts by a bad actor. Right. And that's done. So I have some difficulty seeing where there's a plain violation. Okay. So the judge ultimately said that the judicially determined guideline range was 276 months on the low end. But unfortunately that's a clear error. The guideline range was 512 to 535 months. There was a 5K1.1 motion. But that doesn't change the range. It authorizes a variance from the range. It authorizes a sentence below the range, but does not change the range. To see that, all you have to do is read the guidelines and, for that matter, this circuit's cases, which say it doesn't change the range. So the range was 512 to 535 months. Not as understood by the parties, which would be central to the plea agreement. The parties were making a mistake, but the range was what it was. And the plea agreement deals with the range, not with a mistake subsequently made about what that was. Your Honor, I can only point to what the parties' understanding of the plea agreement was and what the judge said the range was. There was no contention in the briefs that that was incorrect. So I will further point that. But it was plainly incorrect. If we're arguing plain error, there were a lot of things that weren't pointed out to the judge. Right. One of them was that the judge was making a mistake about what the range was. Okay. Did the guideline range say it was up to life? It did not. And so, therefore, by asking for a life sentence, which the guidelines have life sentences, we cannot rescue the government from its error when it enticed the district court to rely on the range that's stated and then ask for a sentence that would still be above the 512 to 535 months if that is the correct range. And again, it wasn't argued, Your Honor. So those are all significant problems, I think, as the case is landing here before this court presently. If there are no additional questions on that, I will address briefly the substantive unreasonableness. We find ourselves at the end of a one-way street, it seems, when it comes to substantive unreasonableness arguments. If the government makes them, they win occasionally, and those are the cases that we have on this subject. Defendants make them and they lose. But the rule of law is nevertheless applicable here under Repking that when a judge overstates a particular sentencing factor, that results in a substantively unreasonable sentence. And we have two sentencing factors, 3553A factors, that the judge overemphasized, and we've articulated those in the brief, but one is the seriousness of the offense. The judge said it couldn't be overstated, and respectfully, it can't. So these are two crimes, violent offenses, that occurred in the context of a robbery. There's no murder. If there was a murder, it would be a worse offense. If there were multiple murders, it would be a worse offense. So the seriousness of the offense can be overstated and was. And then furthermore, the need to protect the public, that was something that the judge relied on very significantly. However, there's no recollection by the judge of Polk or Presley or cases that talk about aging out of violent criminal offenses or the changes in brain chemistry that the Supreme Court's been recently noting in Graham and Miller. So the judge did overemphasize these factors, should have considered them, didn't, and those things result in a substantively unreasonable sentence. I reserve the balance of my time. Thank you. Certainly, counsel. Ms. Summers. Good morning. May it please the court, counsel. Allie Summers, present on behalf of the government. The government did not breach the plea agreement in this case. And the 30-year sentence imposed by the district court was substantively reasonable and should therefore be affirmed. The government honored its plea agreement when it recommended a sentence at the low end of the guideline range of 23 years. I'm puzzled by that assertion, as I'm puzzled by Mr. Hillis' belief that the guideline range was reduced by the 5K1.1 motion. What are you relying on to believe that the guideline range was affected by the motion? 5K1.1 says the judge is authorized to impose a sentence below the range. It doesn't say that the motion changes the range. Your Honor, I see that that was a mistake made at the district court level. The language could not be clearer. It certainly was the understanding of the parties as well as the district judge that it did reduce the range. But I would say that also the plea agreement specifically stated that the government would make a recommendation of approximately one-third below the 35-year statutory minimum. And the government did honor that plea agreement by recommending 23 years, which is approximately one-third below the 35-year statutory minimum. And the government's discussion of the 3553A factors does not constitute a breach of the plea agreement. As the court is well aware, the standard on appeal is plain error because no objection was made at the trial court level. So the defendant must show that there was a plain and obvious breach and that but for that breach, his sentence would have been different. The defense counsel does not agree with the ways in which the government addressed the nature and circumstances of the offense or any of the other 3553A factors, but that does not constitute a breach of the plea agreement. An agreement to recommend the low end of a guideline range or to recommend a particular sentence is not, as Judge Easterberg pointed out, is not an agreement to ignore the nature and circumstances of the offense or any of the other sentencing factors. It's not an agreement to downplay. But don't you think Mr. Hillis has a fair point, does he not, that you recommended a 23-year sentence here, but you advocated for something greater than that? I mean, how do you, when you look at the argument, you know, you were making in some of the language that the government used at sentencing, I mean, it's hard to, it's hard to see. You didn't tether it to, and for all these reasons, we think 23 years is sufficient to achieve all of the objectives of sentencing. Well, there is certainly strong language used to describe the nature and circumstances of the offense and the seriousness of the offense because they were serious. But I think that the statements made and the statements that the defendant takes issue with are not plain and obvious breach of the plea agreement. They're subject to reasonable disagreement. The government said, one of the statements that the defendant takes issues with, for example, is that the crimes committed by the defendant are extremely serious deserving of severe punishment. Severe does not equal maximum. 23 years is severe punishment for a defendant who was 15 years old at the time that he committed the crimes and for a defendant who, unlike his two co-defendants, for which the government had made a similar plea agreement, was a gunman in only one of the two armed robberies. Was the government, was the government concerned going into sentencing of the prospect that the district court judge would sentence the defendant to less than 23 years? Your Honor, yes, there was some concern as to that. Because that's what you say on your, that's the way I read that sentence in your brief on page 25. That the government was aware that the assigned sentencing judge in this case has in the past imposed sentences that were less than that recommended by the government or even the defendant or even, and that are significantly lower than the guideline range. So the concern that I have is that there's a bit of kind of gaming going on here. Well, the district judge on this case has made it clear that she will impose whatever sentence she believes is appropriate regardless of what the recommendation of the parties is. And so to rebut the defendant's argument that a type C plea agreement could have been an option in this case, that it would not be an option with this particular judge. Because she does take her role as the sentencing judge very seriously, as she should. And she has given a sentence well above and well below the recommendations of the parties. But does that, I understand the point you're making. But is the reason, is the reason that the government so intensely argued that a substantial sentence was warranted here was because of what I just pointed to? The concern that if you didn't do that, the sentencing judge may go significantly below or significantly below 23 years. Well, it would be twofold, Your Honor. It was one that we would make an argument sufficient to support the recommendation of 23 years imprisonment. And that doesn't take much on these facts. It may not for some judges, but reasonable people can disagree. Additionally, as the government argues in its brief, each party has only one opportunity to make a sufficient record in the event that the sentence that is imposed by the district judge needs to be supported, as we are in this case, or needs to be challenged. So if the district judge decided to impose, let's say, a 50-year sentence or a 35-year sentence or a life sentence, the government and the parties have one opportunity to make that record that would support whatever sentence the district judge ultimately decided to impose. And so it was both... But I think what you're saying is that you felt it was imperative to emphasize, you know, the seriousness of the offense. It just seems completely obvious to me. It's a, what was it, a, I don't remember the store, like a convenience store robbery. Yes, it was a convenience... A 7-Eleven robbery or something. Yes, it was a Moto Mart, and... But there's three, I mean, the defendant shot the clerk three times. That's correct. I mean, anyone, even remotely familiar with the facts, would instantly agree with the gravity of the offense conduct. I think that that's true, but he was also only 15 at the time that he committed the crimes, and he was the gunman in only one of the armed robberies. And the government had entered into a similar plea agreement with the other two co-defendants who were gunmen in both of the armed robberies, and one of whom had shot in the first robbery. So Woods was the first of the three defendants to be sentenced in this case. So at the time of the sentencing, the government did not have any inclination as to what the district judge, how the district judge viewed the nature and circumstances of the offense, or each defendant's relative culpability. Additionally, there had been no trial of this case. There had been no evidentiary hearings on this case. So the district judge did not know any of the facts and circumstances surrounding the offenses other than what was written in the PSR. And I think we can agree that what is written in the PSR can read very differently than the presentation of the evidence. And I would dispute defense counsel's argument that it was aggravating evidence that the government presented. It was all evidence that was directly related to the nature and circumstances of the offense. And I think that it is important for each party to... Did the district judge have the victim impact letter? She did not have the full victim impact letter. The way that that process works in our court is that the letter is given to the probation department and summarized in the PSR. So that explains why it was read aloud? That's correct, Your Honor. In addition to that, the victim specifically asked that it be read because the defendant is not required to read it. And so there is some impact in having a defendant hear in open court the impact statement if he has refused to read it. With regard, I would like to just address... So I do not believe that there was plain error. I don't think that it's obvious and certainly cannot demonstrate that even if there was a breach of the plea agreement, that the sentence would have been any different because the record demonstrates that the district judge understood that the government's recommendation was, in fact, 23 years. And there's nothing to suggest that she interpreted the government's arguments or presentation of evidence as an advocacy for any sentence higher than that. What's the reason for just giving the judge a summary of the victim impact statements? I honestly cannot answer that question, Your Honor. Each probation officer tends to do it somewhat differently, but they summarize the impact statement in the PSR. I did just want to state with regard to the second argument of substantive reasonableness, I think that it's clear that the district judge's sentence imposed is substantively reasonable. She certainly gave great weight to the seriousness of the offense. And as this court has pointed out, there's very serious offenses committed by the defendant. But she did not do so at the exclusion of any other factors. She addressed the defendant's argument with regard to his youth at the time of the offense, and she also addressed the other sentencing factors. So I believe that this is reasonable and ask that it be affirmed. Thank you, Ms. Sommer. Anything further, Mr. Ellis? I'll begin with where this may go later, and that is perhaps we're on our way to a 2255. If the parties understood the 5K to reduce the range, then there's a mutual mistake, and that may undo the plea agreement here. But we'll have to leave that for another day. As for the government's suggestion that couldn't cabin the district court sentencing authority, that's not true. Under Rule 11C1C, the district court could reject the plea agreement in its entirety, give a higher sentence, but then the defendant has the right to withdraw the plea and go to trial, as opposed to get stuck with 30 years. This was not an agreement for a defined sentence, as I understand it. No, it's not, Your Honor. I'm just pointing something out that the government said that's incorrect. It's not a relevant rule. If I may move on then to where the government said or where I believe Judge Scudder said this was not tethered to the request for a particular sentence of 276 months. What it was tethered to was a sentence that was for as long as possible. And, again, that's the breach. So even if we were to accept that the guideline range is 512 to 535, the government can't ask for a sentence as long as possible when that's life, because that, again, is a breach. And the government very clearly asked for that, and that's at Appendix Page 28. And then, finally, two last points. Asking for the sentencing factors is not an invitation for the government to go book and page into only aggravating evidence, and that's what it did. I can't say how the government might regard any of this as mitigating. It certainly doesn't come out that way. At risk of going into my cool hand Luke, maybe the government could stop being so good to us on this stuff because this is a lot of bad information that is not then balanced by anything good. Finally, if the government is allowed to argue that the 3553A factors were all present and, therefore, there's no substantive unreasonableness here, that's incorrect because it's the problem about overemphasizing particular factors, not about the presentation of all factors. You can present them all, but the problem with Repkin was overemphasis on a particular factor, and there the government was able to demonstrate substantive unreasonableness by the reliance on that factor, and so the case would be the same here. Unless the court has any further questions, I have nothing. Thank you. Thank you, counsel. The case is taken under advisement.